10-2040-cv (L)
United States v. 895 Lake Ave.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand eleven.

PRESENT:  REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*,
                    LORETTA A. PRESKA,
                            *Chief District Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                            *Plaintiff-Appellee*,

                    v.

CHERYL LACOFF,                                                  Nos. 10-2040-cv (L)
                    *Claimant-Appellant-*                              10-2485-cv (CON)
                    *Cross-Appellee*,

INTERNATIONAL FINANCIAL SERVICES LIFE
INSURANCE COMPANY, FRANKLIN AMER
LIFE INSURANCE COMPANY, FIRST NATIONAL
INSURANCE COMPANY OF AMERICA,
FRANKLIN PROTECTIVE LIFE INSURANCE
COMPANY, FAMILY GUARANTY LIFE

---

[*] Chief District Judge Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

INSURANCE COMPANY, FARMERS &
RANCHERS LIFE INSURANCE COMPANY,
    *Claimants-Appellees-*
    *Cross-Appellants*,

SUNDEW INTL. LIMITED, DAVID S. ROSSE,
OLD SOUTHWEST LIFE INSURANCE COMPANY,
    *Claimants*,

895 LAKE AVENUE, GREENWICH, CT, ALL
APPURTENANCES & IMPROVEMENTS THEREON
    *Defendant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:  CLIFFORD Y. CHEN, Watkins, Bradley & Chen LLP, New York, New York.

APPEARING FOR APPELLEES:  DEREK T. TEETER (Douglas J. Schmidt, *on the brief*), Husch Blackwell LLP, Kansas City, Missouri, *for appellees International Financial Services Life Insurance Company, Franklin Amer Life Insurance Company, First National Insurance Company of America, Franklin Protective Life Insurance Company, Family Guarantee Life Insurance Company, and Farmers & Ranchers Life Insurance Company*.

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 22, 2010, is AFFIRMED.

In this action by the United States for forfeiture of property located at 895 Lake Avenue in Greenwich, Connecticut ("the property"), see 18 U.S.C. § 981(a)(1)(A), claimant Cheryl Lacoff appeals the district court's decision, after a bench trial, to deny forfeiture and to award the property to various insurance companies ("the receiver-claimants") found to be

2

innocent owners entitled to imposition of a constructive trust based on convicted fraudster Martin Frankel's 1999 purchase of the property with criminal proceeds looted from the receiver-claimants.[1]  See United States v. $2,350,000.00, 718 F. Supp. 2d 215, 228-29 (D. Conn. 2010).  The district court concluded that this claim based on such a constructive trust took priority over Lacoff's claim of innocent ownership based on her August 5, 1999 lien securing a personal default judgment against Frankel and a corporate entity under his control. See id. at 233-34.

Lacoff challenges recognition of a constructive trust in favor of the receiver-claimants.[2]  "We review the district court's findings of fact after a bench trial for clear error and its conclusions of law de novo."  Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 38-39 (2d Cir. 2009) (internal quotation marks omitted).  Under Connecticut law, the application of which the parties here do not dispute, "a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on

---

[1] The parties do not dispute application in this case of the version of 18 U.S.C. § 981 that was in effect before enactment of the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202.  In relevant part, that version provided:  "No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder."  18 U.S.C. § 981(a)(2) (as in effect prior to April 25, 2000).

[2] We note that Lacoff does not challenge the district court's conclusion that, under Connecticut law, a beneficiary's claim to property held in constructive trust is superior to a claim arising from a judgment lien securing a personal judgment against the constructive trustee.  See Conn. Gen. Stat. § 52-380a(b) (judgment lien is lien only to extent of "judgment debtor's interest in the real property described").

the ground that he would be unjustly enriched if he were permitted to retain it." Town of New Hartford v. Conn. Res. Recovery Auth., 291 Conn. 433, 466, 970 A.2d 592, 617 (2009) (internal quotation marks omitted). Connecticut law imposes a "tracing" requirement on putative constructive trust beneficiaries: "A claimant seeking a constructive trust must identify property in the hands of the defendant that represents or embodies property obtained at the claimant's expense or in violation of the claimant's rights." Id. (internal quotation marks and alterations omitted). Although a constructive trust is imposed in retrospect, equitable title held by the beneficiary of a constructive trust arises at the time the property was wrongfully appropriated by the trustee. See Van Auken v. Tyrrell, 130 Conn. 289, 291-92, 33 A.2d 339, 340 (1943). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings.

1.     Presumption Against Constructive Trusts

Relying heavily on bankruptcy law, Lacoff faults the district court for not employing a presumption against constructive trusts in forfeiture cases. Cf. In re Flanagan, 503 F.3d 171, 182 (2d Cir. 2007); In re First Cent. Fin. Corp., 377 F.3d 209, 217-18 (2d Cir. 2004). We are not persuaded that equitable considerations unique to bankruptcy, see In re First Cent. Fin. Corp., 377 F.3d at 217, should be extended to the dissimilar context of forfeiture. Lacoff misreads United States v. Schwimmer, 968 F.2d 1570 (2d Cir. 1992) as instructing that "district courts may not impose constructive trusts in forfeiture to the same degree that they may do so in non-forfeiture proceedings." Reply Br. at 12. In fact, Schwimmer stands for the proposition that district courts may not "relax conceptions of property rights" in

4

identifying third-party interests in forfeitable property under the RICO forfeiture provisions. 968 F.2d at 1584.[3] Moreover, Lacoff's reading of Schwimmer is at odds with our decisions in Willis Mgmt. (Vt.), Ltd. v. United States, --- F.3d ----, 2011 WL 2726055, *5-6 (2d Cir. July 14, 2011), United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 416 (2d Cir. 2001), United States v. Coluccio, 51 F.3d 337, 340 (2d Cir. 1995), and Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1158-59 (2d Cir. 1994), each of which recognizes that constructive trusts may arise in the forfeiture context.

Consequently, as we identify no "clear reluctance to impose constructive trusts in forfeiture" in the decisions of this court, Appellant's Br. at 23, we reject Lacoff's argument that the district court erred in failing to employ the urged presumption.

2.    Unjust Enrichment

Lacoff next argues that the district court erred in determining that Frankel would be unjustly enriched absent a constructive trust over the property. According to Lacoff, the "proper inquiry" is whether she, "as the creditor most burdened by the trust in this case, would be unjustly enriched absent a constructive trust." Appellant's Br. at 39. Lacoff submits that she would not be so enriched.

Lacoff's argument finds no support in Connecticut law, which as already noted focuses on unjust enrichment of the holder of legal title, i.e., Frankel (or his company), at the

---

[3] To the extent Lacoff relies on United States v. BCCI Holdings (Lux.), S.A., 46 F.3d 1185 (D.C. Cir. 1995), this court has expressly declined to follow that decision. See Willis Mgmt. (Vt.), Ltd. v. United States, --- F.3d ----, 2011 WL 2726055, *7 (2d Cir. July 14, 2011).

5

time title was acquired.

United States v. Andrews, 530 F.3d 1232 (10th Cir. 2008), relied upon by Lacoff, also does not support her argument. Andrews suggested that a claimant seeking to impose a constructive trust over assets legally owned by an insolvent defendant must "'in effect'" show that the defendant's other creditors, not the defendant, would be unjustly enriched absent the trust. Id. at 1237 (quoting Restatement (Third) of Restitution and Unjust Enrichment § 55 cmt. c (Tentative Draft No. 6, 2008)). Tracking comments in the Restatement, Andrews observed that such unjust enrichment would be present if the assets of the constructive trust would otherwise be used to satisfy the defendant's debts to his voluntary creditors. See id. at 1237-38 ("The intuitive objection is that a debtor should not be allowed to rob Peter to pay Paul." (internal quotation marks omitted)).[3] Such is precisely the situation here, where Frankel's financial obligation to Lacoff has its genesis in a voluntary contractual relationship. Lacoff may be Frankel's "victim" insofar as he breached a lease contract and damaged her property, but she is not a victim of the fraud scheme that allowed Frankel to obtain title to the defendant property with assets swindled from the receiver-claimants. To allow Frankel to satisfy his obligations to Lacoff using criminally

---

[3] To the extent Lacoff identifies a similar approach to unjust enrichment in In re Flanagan, 503 F.3d at 182, we have already explained that considerations animating our decisions in bankruptcy do not automatically translate to forfeiture either generally or specifically as informed by Connecticut law. In any event, Flanagan would still not support Lacoff's position for the same reasons that Andrews does not – namely, as a voluntary creditor, Lacoff (as well as Frankel) would be unjustly enriched if Frankel's debts to her were satisfied with criminal proceeds traceable to Frankel's fraud victims.

6

derived proceeds directly traceable to Frankel's fraud victims would constitute unjust enrichment for precisely the reasons explained by the Restatement and Andrews. Thus, even if Connecticut law were to apply the unjust enrichment analysis Lacoff here urges, she would not be entitled to reversal.

3.    Adequate Remedy at Law

Lacoff next submits that a constructive trust was unwarranted because federal remission procedures, see 18 U.S.C. § 981(d); 28 C.F.R. § 9.1 et seq., provide an adequate remedy at law precluding equitable relief, see generally Wendell Corp. Trustee v. Thurston, 239 Conn. 109, 120-21, 680 A.2d 1314, 1320 (1996) (noting equitable remedies generally not available where adequate remedy at law exists).

We rejected this argument in Willis Mgmt. (Vt.), Ltd. v. United States, --- F.3d ----, 2011 WL 2726055, at *6 (holding that federal remission procedures are a "non-judicial remedy that is left entirely to the Attorney General's discretion" and, therefore, are "not an adequate legal remedy" foreclosing recognition of a constructive trust (internal quotation marks omitted)). Moreover, federal remission procedures do not apply until property interests based on innocent ownership are resolved and forfeiture ordered by a court. Thus, remission procedures cannot resolve the competing claims of innocent ownership here at issue. Indeed, by the very maintenance of her present innocent owner claim – which, if successful, would completely defeat forfeiture – Lacoff effectively frustrates the receiver-claimants' opportunity to avail themselves of the remission remedy she proposes as an adequate legal alternative. See, e.g., American Life Ins. Co. v. Stewart, 300 U.S. 203, 215

7

(1937) (noting that, to preclude equitable remedies, proposed legal alternative "cannot be adequate if its adequacy depends upon the will of the opposing party" (internal quotation marks omitted)). Given these circumstances, and our holding in Willis Mgmt., we identify no error in the district court's conclusion that remission was not an adequate alternative legal remedy in this case.

4.    Tracing

Lacoff contends that the district court erroneously permitted the receiver-claimants to satisfy their tracing burden collectively. She submits that United States v. Schwimmer, 968 F.2d at 1583, demands "a more stringent tracing standard for constructive trusts in forfeiture compared with the common law." Reply Br. at 39. We are not persuaded.

The constructive trust inquiry in this case is governed by Connecticut law. Schwimmer did not construe Connecticut law, and Lacoff identifies no Connecticut authority preventing constructive trust beneficiaries from tracing proceeds collectively. In fact, Town of New Hartford v. Conn. Res. Recovery Auth., 291 Conn. at 470, 970 A.2d at 619, which affirmed the imposition of a collective trust, suggests otherwise.[4] Even if Schwimmer were applicable, however, it supports neither Lacoff's specific contention that constructive trust beneficiaries cannot establish their tracing burden collectively, nor her general identification

---

[4] To the extent United States v. One Silicon Valley Bank Account, 549 F. Supp. 2d 940, 955-56 (W.D. Mich. 2008), concluded differently, it applied Michigan law, see id. at 955, and is irrelevant here for that reason. Indeed, the district court there offered no explanation for its decision other than that allowing collective tracing found no support in Michigan law. See id.

8

of a heightened tracing requirement. <u>Schwimmer</u> requires only that a putative constructive trust beneficiary demonstrate no less than the tracing requirement imposed at common law. <u>See</u> 968 F.2d at 1583. Here, the district court traced the receiver-claimants' funds specifically to the only account at issue in this case, which funds were used to purchase the property. <u>See</u> <u>United States v. $2,350,000.00</u>, 718 F. Supp. 2d at 218-20, 228. Such a finding, the factual basis for which Lacoff does not challenge, was sufficient to "identify property in the hands of [Frankel] that represents or embodies property obtained at [the receiver-claimants'] expense." <u>Town of New Hartford v. Conn. Res. Recovery Auth.</u>, 291 Conn. at 466, 970 A.2d at 617.

Accordingly, we identify no error in the district court's determination that the receiver-claimants met their tracing burden so as to warrant imposition of a collective trust over the property.

5.    <u>Conclusion</u>

We have considered Lacoff's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9